IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANGELA WASHINGTON                                                                                    PLAINTIFF

V.                                            5:13CV00075-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angela Washington, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the Commissioner's decision is REMANDED for action consistent with this opinion.

**I.    BACKGROUND**

On July 28, 2010, Ms. Washington protectively filed for SSI benefits due to high blood pressure, ADHD, dizzy spells, arthritis, bad knees, and hand, back, and leg pain. (Tr. 144, 153, 155) Ms. Washington's claims were denied initially and upon reconsideration. At her request, an Administrative Law Judge ("ALJ") held a hearing on April 18, 2011, where Ms. Washington appeared with her lawyer. (Tr. 27) At the hearing, the ALJ heard testimony from Ms. Washington and a vocational experts ("VE"). (Tr. 28-41)

The ALJ issued a decision on May 19, 2011, finding that Ms. Washington was not disabled under the Act. (Tr. 12-22) The Appeals Council denied Ms. Washington's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Washington, who was 27 years old at the time of the hearing, has a high school education. (Tr. 31) She has past relevant work as a hotel housekeeper. (Tr. 38)

1

**II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE**[1]

The ALJ found that Ms. Washington had not engaged in substantial gainful activity since July 28, 2010 and she had the following severe impairments: hypertension, bilateral knee and back problems, and ADHD.  (Tr. 14)  However, the ALJ found that Ms. Washington did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 16)

According to the ALJ, Ms. Washington has the residual functional capacity ("RFC") to perform light work, but she would be "precluded from climbing ropes, ladders, scaffolds, and crawling, and contact with vibrating machinery and limited to simple repetitive tasks, requiring only incidental contact with coworkers, supervisors, and the general public."  (Tr. 17)  The VE testified that the jobs available with these limitations were hand packer, labeling machine operator, and small products assembler.  (Tr. 39-40)

After considering the VE's testimony, the ALJ determined that Ms. Washington could perform a significant number of jobs existing in the national economy, and found that Ms. Washington was not disabled.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) (2005).

[2] 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

**III.    ANALYSIS**

    **A.    Standard of Review**

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

    **B.    Ms. Washington's Arguments for Reversal**

Ms. Washington asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, Ms. Washington contends that the ALJ (1) failed to acknowledge or evaluate Ms. Washington's subjective complaints; (2) failed to order a consultative exam; and (3) did not include mental limitations in RFC assessment. (Doc. No. 13)

        1.    Subjective Complaints

Ms. Washington asserts that the ALJ failed to acknowledge or evaluate her subjective complaints. Specifically, Ms. Washington argues that "a review of [the ALJ's] decision reveals that he failed to even mention the Plaintiff's testimony as required." Yet, the following phrase appears at the bottom of page seven of the ALJ's opinion: "The claimant testified . . . ." (Tr. 18) Accordingly, Ms. Washington's claim is without merit. Furthermore, the ALJ considered and

assessed the *Polaski* factors such as Ms. Washington's daily activities,[3] her non-compliance with treatment,[4] and the lack of objective evidence to support the severity which she alleged.

    2.    Consultative Exam

Ms. Washington contends that the ALJ erred by relying on "the opinion of a non-examining physician which was not based upon the full record in this case" and by not obtaining an opinion from a medical expert regarding her MRI results. (Doc. No. 13)

According to her Social Security form and hearing testimony, Ms. Washington first noticed her back problems in August 2010. (Tr. 31, 144) On October 13, 2010, Dr. Bill Payne, a non-examining source, performed a case analysis and concluded that Ms. Washington's "[p]hysical impairments are non severe." (Tr. 303) However, a March 30, 2011, MRI revealed "L5-S1 right paracentral broad based HNP resulting in posterior displacement of the right S1 nerve root and evidence of acute annular tear, a potential source of acute localized low back pain." (Tr. 354) At the hearing, Ms. Washington testified that despite prescription drugs and therapy, her back pain worsened, which led to getting the MRI. (Tr. 31) Ms. Washington advised the ALJ that she was scheduled to start steroid shots in a week or two. (Tr. 33) She also reported tingling pain radiating down her right side, which was the same thing that led her to the doctor on March 29, 2011. Despite this evidence, the ALJ gave Dr. Payne's opinion "significant weight." (Tr. 16, 20). Yet Dr. Payne was unaware of both the MRI and progression of Ms. Washington's back pain, and the ALJ's opinion mentions the MRI only in passing. (Tr. 16) Accordingly, this case must be remanded to the Commissioner to develop the record regarding Ms. Washington's back pain.

---

[3] She manages "personal care, and does some household chores, cooking, laundry, and washes dishes . . . [and] drives once a week." (Tr. 19, 30, 37)

[4] She "dropped out of treatment" with Delta Counseling. (Tr. 16, 223)

      3.      RFC Assessment

Ms. Washington contends that the ALJ erred by not incorporating all of her mental limitations into the RFC. (Doc. No. 13) She points out that the ALJ failed to incorporate Dr. Rankin's mental RFC limitation, "The claimant is able to perform work where interpersonal contact is incidental to work performed, *e.g.* assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete (unskilled)."

It appears the ALJ addressed Ms. Washington's mental limitations when he determined that she should be "limited to simple repetitive tasks, requiring only incidental contact with coworkers, supervisors, and the general public." However, since this case is being remanded to further develop the record regarding Ms. Washington's back pain, the RFC may have to be adjusted. That being so, the Commissioner should go ahead and clear up this issue as well.

## IV.    CONCLUSION

After consideration of the record as a whole, the Court concludes that the ALJ erred by failing to develop the record regarding Ms. Washington's back problems and MRI results. The mental limitations in the RFC finding should also be resolved. Therefore, the Commissioner's decision is REMANDED for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 11th day of August, 2014.

                                                      _____
                                                    JOE J. VOLPE
                                                    UNITED STATES MAGISTRATE JUDGE